UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL JACKSON,

    Plaintiff,

v.                                        Case No. 12-CV-147

SHAWN R. ENNEPER, TROOPER ROFFERS,
BRADLEY S. GEHRING, JOHN DOE,
and DEPUTY JANDA,

    Defendants.

---

## SCREENING ORDER

The plaintiff, who is incarcerated at the Outagamie County Jail, filed a pro se complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed in forma pauperis. The prisoner lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes

treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation

2

was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff is detained at the Outagamie County Jail. The defendants are: Grand Chute Police Officer Shawn R. Enneper; Wisconsin State Trooper Roffers; Outagamie County Sheriff's Deputies Janda and John Doe; and Outagamie County Sheriff Bradley S. Gehring.

According to the complaint, on January 17, 2012, at about 7:00 p.m., the plaintiff was on the shoulder of a local highway repairing a motor vehicle when he noticed flashing lights behind him. Defendant Trooper Roffers approached and the plaintiff explained he was making repairs and waiting for a family member. When defendant Roffers asked for identification, the plaintiff provided his name and date of birth but "respectfully explained" that he did not have his identification with him. Trooper Roffers returned to his vehicle for several minutes and then he "rushed up to me, grabbed me by my right shoulder, then slammed me up against the car." (Compl. at 7.) He then stated, "Put your hands behind your back, you fucking Nigger!" and "You have fucking warrants and you're going to fucking jail!" *Id.* Defendant Roffers placed metal handcuffs on the plaintiff's wrists so tightly that the cuffs ripped through his skin and then forcefully pulled the plaintiff to the rear of his cruiser. Defendant Officer Enneper arrived on the scene and he grabbed the plaintiff's right arm as Trooper Roffers yelled to spit the drugs out of his mouth. Defendant Roffers began punching the plaintiff in the mouth and Officer Enneper then "ferociously" slammed him to the ground, face first. At this time, Officer Enneper and Trooper Roffers stomped and kicked the plaintiff from head to toe.

When the kicking and stomping ceased, the plaintiff noticed that two Outagamie County Sheriff's Deputies, defendants Deputy Janda and Deputy John Doe, had arrived. All four officers picked the plaintiff up off the ground and threw him head first into Trooper Roffer's cruiser. They arrived at Appleton Medical Center, where Trooper Roffers, Deputy Janda, and Deputy John Doe held the plaintiff down while hospital staff "illegally seized my blood and urine by force." *Id.* A bag was then placed over the plaintiff's head, and he could not see anything until he entered the Outagamie County Jail.

As a result of the foregoing, the plaintiff suffered neck and back injuries, injuries to his left rib cage, and lacerations and swelling to his wrists. He has no feeling in his left and right hands, and does not have full range of movement in either hand. Also, his front tooth "was kicked out and left hanging in the gum of my mouth." (Compl. at 8.) The plaintiff alleges that he is being denied medical care for his injuries at the Outagamie County Jail. The plaintiff also alleges that defendant Sheriff Gehring is denying him his right to a just, speedy, and fair trial in Sheboygan and Milwaukee Counties because the sheriff will not release him for his trial date.

The plaintiff claims that defendants Roffers, Enneper, Janda, and Doe used excessive force against him in violation of the Fourth Amendment to the United States Constitution. He also advances an intentional infliction of emotional distress claim against those defendants. The plaintiff further claims that the defendants conspired to illegally seized his blood and urine at the hospital and used excessive force to do so. In addition, he claims that the defendants are denying him medical care for injuries sustained in the excessive force incident. Finally, the plaintiff claims that Sheriff Gehring is depriving him of his constitutional right to a speedy trial. For relief, the plaintiff seeks monetary damages and termination of the defendants from their positions.

The plaintiff may proceed on a Fourth Amendment claim against defendants Enneper, Roffers, Doe, and Janda based on his allegations that they used excessive force during the course

of his arrest on January 17, 2012. *See Stainback v. Dixon*, 569 F.3d 767, 771-72 (7th Cir. 2009); *Graham v. Connor*, 490 U.S. 386, 395 (1989). He may also proceed on a supplemental state law claim, *see* 28 U.S.C. 1367(a), for intentional infliction of emotional distress. *See Anderson v. Continental Ins. Co.*, 271 N.W.2d 368, 378 (Wis. 1978); *Hart v. Bennet*, 672 N.W.2d 306, 321 (Wis. Ct. App. 2003).

In addition, the plaintiff may proceed on Fourth Amendment excessive force and search claims based on complaint allegations that defendants Roffers, Janda and Doe illegally seized his blood and urine "by unnecessary and wanton force." *See Schmerber v. California*, 384 U.S. 757, 767-68 (1966). However, the plaintiff may not proceed on a civil conspiracy claim under § 1983 because he is not suing any private actors. *See Logan v. Wilkins*, 644 F.3d 577, 583 (7th Cir. 2011); *see also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003).

The plaintiff also claims that he is being denied medical care at the Jail for his injuries. At one point, he asserts that the "defendants" are denying him medical care. However, the plaintiff does not provide any specific allegations with regard to this claim and he does not name any defendant personally involved in the denial of medical care. Thus, the plaintiff does not state a deliberate indifference to a serious medical need claim. *See Iqbal*, 129 S. Ct. at 1949. If the plaintiff wants the court to evaluate such a claim, he may file a motion to amend the complaint along with a proposed amended complaint. The plaintiff is advised that "[a]ny amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civil L. R. 15(a) (E.D. Wis.).

The plaintiff is also advised that instead of filing an amended complaint, he should consider filing a new case because it is not clear that a medical care claim against Jail employees would be properly related to be joined in this lawsuit. As instructed by the Seventh Circuit Court of Appeals,

under the controlling principle of Rule 18(a), Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Finally, the plaintiff may not proceed on a claim based on allegations that Sheriff Gehring denied him his right to a speedy trial. The plaintiff does not indicate the length of time of the delay, however, he was arrested on January 17, 2012, and filed the complaint on February 13, 2012. Moreover, according to Wisconsin Court System Circuit Court On-Line Access, in what are almost certainly the charges referenced in the complaint, the plaintiff is represented by an attorney and scheduled for a motion hearing on April 16, 2012, a pre-trial conference on May 4, 2012, and a jury trial on May 22-23, 2012. This time frame does not raise constitutional concerns as there is no indication that the plaintiff has been prejudiced by any delay. *See Barker v. Wingo*, 407 U.S. 514, 530-31 (1972); *Reed v. Farley*, 512 U.S. 339, 353 (1994). At any rate, any speedy trial violation must first be presented to the Wisconsin courts.

In sum, the plaintiff may proceed on Fourth Amendment excessive and intentional infliction of emotional distress claims against defendants Enneper, Roffers, Doe, and Janda, and Fourth Amendment excessive force and search claims against defendants Roffers, Janda and Doe. The remaining claims and defendants will be dismissed. Plaintiff should use discovery to identify the John Doe defendant.

The complaint also requests appointment of counsel. Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

In this case, the plaintiff has not provided any indication that he unsuccessfully attempted to obtain legal counsel on his own. Nonetheless, the plaintiff has provided a detailed complaint setting forth his claims. Moreover, the issues in this case appear at this stage to be straightforward and uncomplicated. Therefore, at this juncture, given the nature of the case, it appears that the plaintiff is competent to litigate this case himself. Accordingly, his motion will be denied.

Additional Motions

On March 21, 2012, the plaintiff filed "Complaint for Injunction/TRO" by which he seeks to bring claims against Sheriff Gehring based on his treatment at the Jail. The plaintiff asserts that beginning on February 24, 2012, Sheriff Gehring and seven guards have been retaliating against, harassing, and threatening him. He further charges that these individuals are denying him medical care, showers, exercise, law library access, sanitary conditions, and daily meals. In addition, they are tampering with his legal mail and the plaintiff is confined in a segregation cell twenty-four hours per day. The plaintiff alleges that Sheriff Gehring is retaliating against him for filing this lawsuit. He seeks an order enjoining the individuals during the pendency of this lawsuit; a

preliminary injunction, permanent injunction, and temporary restraining order against them; $100,000 plus any further damages; and reimbursement of costs incurred.

As an initial matter, Sheriff Gehring is being dismissed from this lawsuit. In addition, as described above at pages 5-6, these allegations appear to be unrelated to the claims upon which the plaintiff is proceeding in this case against defendants Enneper, Roffers, Doe, and Janda. The plaintiff's allegations set forth in his Complaint for Injunction/TRO are serious. However, they should be raised in a separate lawsuit. The plaintiff has not demonstrated a basis for injunctive relief. *See Coronado v. Valleyview Pub. Sch. Dist. 365-U*, 537 F.3d 791, 794-95 (7th Cir. 2008).

On March 28, 2012, the plaintiff filed a motion to amend the complaint. By this motion, he seeks to bring a claim against two guards at the Jail based on harming him with a restraint belt and using excessive force thereby causing the plaintiff to temporarily black-out. The plaintiff did not file a proposed amended complaint. *See* Civil L. R. 15(a) (E.D. Wis.). In any event, even if he had, this claim also appears to be unrelated to his claims in the instant case. Therefore, they may be brought in a separate lawsuit.

On March 28, 2012, the plaintiff filed a motion for official service of process. However, this Screening Order directs the United States Marshals Service to serve the defendants and therefore the plaintiff's motion is not necessary. *See* Fed. R. Civ. P. 4(c)(3). Thus, his motion is moot.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket 2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for order to show cause, preliminary injunction, permanent injunction, and temporary restraining order (Docket 8) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** the plaintiff's motion to amend complaint (Docket 9) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for official service of process (Docket 10) be and hereby is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendant Bradley S. Gehring is **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the named defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Outagamie County Sheriff or his designee shall collect from the plaintiff's prison trust account the $350.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Outagamie County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Nancy Joseph
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 11th day of April, 2012.

BY THE COURT:

s/ *NANCY JOSEPH*
NANCY JOSEPH
United States Magistrate Judge