UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL JACKSON,

     Plaintiff,

v.                                                                                     Case No. 12-CV-147

SHAWN R. ENNEPER, TROOPER ROFFERS,
JOHN DOE, and DEPUTY JANDA,

     Defendants.

## ORDER

On September 13, 2012, I granted defendants' motion to compel and ordered plaintiff to provide defendants and their counsel with a release for his medical records at the Appleton Medical Center. Plaintiff was advised that failure to provide the records may result in dismissal of this action for failure prosecute. On October 12, 2012, defendants Enneper and Roffers filed a motion to dismiss for failure to prosecute based on plaintiff's failure to provide the medical authorization. Defendant Janda has also filed a motion to dismiss on that basis. Court records show that plaintiff has not filed a response to the motions to dismiss.

Plaintiff has not complied with the court's order of September 13, 2012, despite a warning that this case may be dismissed for failure to prosecute if he fails to comply. Therefore,

**IT IS ORDERED** that this action is dismissed with prejudice for lack of prosecution effective pursuant to Civil Local Rule 41(c) (E.D. Wis.) (copy enclosed) and Federal Rule of Civil Procedure 41(b).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment dismissing plaintiff's claims and this action.

Dated at Milwaukee, Wisconsin, this 16th day of November 2012.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

## Civil Local Rule 41(c)
## Dismissal for Lack of Diligence

Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party may petition for reinstatement of the action within 21 days.